

In The
Court of Appeals
Seventh District of Texas at Amarillo

_____

No. 07-25-00024-CV
_____

IN RE: THE COMMITMENT OF BILLY RUSK, JR., APPELLANT

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. DC-2023-CV-0590, Honorable J. Phillip Hays, Presiding

March 9, 2026

MEMORANDUM OPINION

Before PARKER, C.J., and DOSS and YARBROUGH, JJ.

Appellant, Billy Rusk, Jr., appeals from the judgment of civil commitment rendered against him following a jury's finding that he is a sexually violent predator as defined in Section 841.003 of the Texas Health and Safety Code. In a single issue, Appellant contends the evidence is legally insufficient to support the jury's finding. We affirm.

## BACKGROUND

Appellant's history of sexual offending spans decades and involves multiple victims. When he was thirteen years old, Appellant began sexually abusing his three-year-old brother. By his own account, the abuse occurred frequently and continued for

years.  Appellant acknowledged that he was sexually attracted to his brother at the time and that he needed to get a car and a job so he could leave the house to stop offending.

After high school, Appellant joined the Navy and received an honorable discharge. In his thirties, he married and began sexually assaulting his stepdaughter, who was approximately seven years old when the abuse began.  Appellant admitted to fondling the girl, performing oral sex on her, and having her touch him sexually.  The abuse continued for at least two years.  He pleaded guilty to sexual assault and was sentenced to fifteen years in prison.  He served approximately three years and was released on parole.

While on parole, Appellant completed sex offender treatment.  He learned to identify his high-risk situations, which included drinking alcohol and being alone with children.  After completing twelve years of parole, Appellant was discharged from supervision.

Despite that treatment, Appellant resumed drinking.  He frequented strip clubs with his brother.  And while his young niece was living in the same household, Appellant offended against her.  The child was approximately eight or nine years old.  Appellant pleaded guilty to indecency with a child by sexual contact and was sentenced to fifteen years in prison.  His projected discharge date was May 2027.

As that date approached, the State filed a petition to commit Appellant as a sexually violent predator.  The case proceeded to a jury trial, where two expert witnesses offered competing opinions on whether Appellant suffers from a behavioral abnormality.

Dr. Jason Dunham, a forensic psychologist retained by the State, diagnosed Appellant with pedophilic disorder, nonexclusive type, limited to incest.  He described the

disorder as a lifelong sexual arousal to prepubescent children affecting both Appellant's emotional and volitional capacity. Dunham identified several factors elevating Appellant's risk: sexual deviancy involving both male and female prepubescent victims, a pattern of offending that persisted from adolescence into his late forties, reoffending after completing sex offender treatment and parole, a lack of empathy and remorse, and a poor understanding of his own risk. Dunham also noted that the Static-99R, a standard actuarial instrument, underestimated Appellant's risk because it could not account for his unadjudicated offense against his brother or his reoffending after treatment. Dunham scored Appellant as high risk and opined that Appellant suffers from a behavioral abnormality making him likely to engage in a predatory act of sexual violence.

Dr. Marisa Mauro, a forensic psychologist retained by the defense, reached a different conclusion. She assigned Appellant a "rule-out" diagnosis of pedophilia rather than a firm diagnosis. She explained that a rule-out reflects less certainty than a confirmed diagnosis. Mauro opined that Appellant does not have a behavioral abnormality, primarily because she assessed his risk of reoffending as low. She based that assessment on several protective factors: Appellant's age, his good behavior in prison, his completion of sex offender treatment, a period of time in the community without known offenses, and his history of stable employment and family support.

On cross-examination, however, Mauro acknowledged that each of the identified protective factors had been in place when Appellant committed his prior offenses. She also conceded that Appellant met the diagnostic criteria for pedophilic disorder under the DSM, that Dunham's finding of a behavioral abnormality was "not unreasonable," and that she would have concerns about a child being left alone with Appellant.

3

Appellant also testified. He admitted to offenses against his brother and stepdaughter but denied offending against his niece, claiming her family fabricated the allegation. He acknowledged he was sexually attracted to his brother as a child and that bathing his stepdaughter became arousing. When asked about his plans to avoid reoffending, Appellant identified avoiding bars and strip clubs and finding a church. He stated he did not believe he needed additional sex offender treatment unless it was required of him.

The jury found beyond a reasonable doubt that Appellant is a sexually violent predator. The trial court entered an order of civil commitment.

**ANALYSIS**

In his single issue, Appellant argues the evidence is legally insufficient because the State failed to prove he is dangerous, specifically contending the State was required to prove antisociality in addition to his mental disorder. We disagree.

A person is a sexually violent predator if the person is a repeat sexually violent offender who suffers from a behavioral abnormality making the person likely to engage in a predatory act of sexual violence. TEX. HEALTH & SAFETY CODE § 841.003(a). A behavioral abnormality is "a congenital or acquired condition that, by affecting a person's emotional or volitional capacity, predisposes the person to commit a sexually violent offense, to the extent that the person becomes a menace to the health and safety of another person." *Id.* § 841.002(2).

In reviewing legal sufficiency in civil commitment cases, we consider all the evidence in the light most favorable to the verdict to determine whether a rational trier of

fact could have found the essential elements beyond a reasonable doubt. *In re Commitment of Stoddard*, 619 S.W.3d 665, 674–75 (Tex. 2020); *In re Commitment of Delacruz*, No. 03-19-00420-CV, 2020 Tex. App. LEXIS 10576 at *3–4 (Tex. App.—Austin Apr. 8, 2021, pet. denied).

Appellant does not challenge his status as a repeat sexually violent offender. Nor does he contest his pedophilia diagnosis. His sole complaint is that the State failed to prove an additional factor, specifically antisociality, that he claims is necessary to establish dangerousness. This is the same argument this Court rejected in *In re Commitment of Acevedo*, No. 07-24-00076-CV, 2024 Tex. App. LEXIS 7873 at *4–5 (Tex. App.—Amarillo, Nov. 6, 2024, pet. denied). There, we held that proof of antisociality is not required for a finding of behavioral abnormality. *Id*. All the State must prove is a condition predisposing the person to commit a sexually violent offense to the extent that the person becomes a menace to the health and safety of another. The condition may or may not include antisociality. *Id*. at *5; *see also In re Commitment of Landeck*, No. 10-24-00032-CV, 2024 Tex. App. LEXIS 5279 at *4 (Tex. App.—Waco July 25, 2024, no pet.). Appellant frames the same argument in different terms, asserting the State failed to prove "dangerousness" as a separate ingredient alongside a mental disorder. But the statute does not parse the inquiry in that way. A behavioral abnormality is a single condition with defined characteristics. The jury was entitled to consider the full scope of the evidence in deciding whether Appellant has such a condition.

In light of the proper standard of review, we find the evidence more than sufficient. Dr. Dunham diagnosed Appellant with pedophilic disorder, a lifelong sexual arousal to prepubescent children that he opined currently affects Appellant's emotional and volitional

5

capacity. He identified a pattern of sexual offending spanning more than three decades, involving three victims across three separate periods, two of whom were prepubescent. Moreover, one of these offenses occurred after Appellant had completed sex offender treatment and twelve years of parole supervision.

According to Dunham, Appellant said at the time he offended against his seven-year-old stepdaughter, he believed it was acceptable because the child did not cry and did not say no, and that he probably would have eventually had intercourse with her if she had not made an outcry first. Dunham opined that Appellant lacked empathy and remorse and had a poor understanding of his own risk. Based on these factors, Dunham concluded that Appellant suffers from a behavioral abnormality making him likely to engage in a predatory act of sexual violence and that Appellant is a menace to the health and safety of others. And he stated he believes he is at no risk to reoffend.

Appellant's own testimony reinforced much of Dunham's opinion. He testified he had a sexual attraction to his three-year-old brother. He described how bathing his stepdaughter became sexually arousing. He admitted to resuming drinking and visiting strip clubs despite being aware of high-risk behaviors. He denied offending against his most recent victim despite having pleaded guilty to that offense. He expressed no interest in pursuing additional sex offender treatment unless it was required of him.

Even the testimony of Appellant's own expert did not foreclose the jury's finding. Dr. Mauro concluded that Appellant does not have a behavioral abnormality, largely because she assessed his risk of reoffending as low. On cross-examination, however, she conceded that each of the protective factors she identified in Appellant's favor had

6

also been present when Appellant committed his prior offenses. She further agreed that Appellant met the diagnostic criteria for pedophilic disorder under the DSM. And she acknowledged Dunham's finding that Appellant has a behavioral abnormality was "not unreasonable."

Viewing this evidence in the light most favorable to the verdict, a rational jury could have found beyond a reasonable doubt that Appellant suffers from a behavioral abnormality making him likely to engage in a predatory act of sexual violence.

We overrule Appellant's sole issue.

## CONCLUSION

Having overruled Appellant's sole issue, we affirm the trial court's judgment.

Lawrence M. Doss
Justice